UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

SIMONE FREEMAN,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. **THE PLAINTIFF.** The Plaintiff, SIMONE FREEMAN, is sui juris and is a resident of Des Moines, Iowa.

4. **THE DEFENDANT.** The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC. (hereinafter referred to as CARNIVAL or Defendant or the cruise line), is incorporated outside the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    (b) Had an office or agency in this state and/or county; and/or

    (c) Engaged in substantial activity within this state; and/or

    (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. Venue is proper in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF ACCIDENT.** This accident occurred on August 3, 2012.

9. **LOCATION OF ACCIDENT.** This accident occurred on the vessel CARNIVAL VICTORY, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law.

10. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

11. **DESCRIPTION OF THE ACCIDENT.** Carnival Corporation d/b/a Carnival Cruise Lines operates approximately 22 cruise ships. On these cruise ships Carnival employs waiters and other staff in restaurants. The waiters are made to carry trays with stacks of plates and covers of plates on them and the waiters are made to rush. On this August 3, 2012 and on this cruise ship, a waiter tripped and dumped his tray full of dishes and covers onto passenger Simone Freeman and onto Simone Freeman's friend sitting next to her. As a result of this incident and the waiter throwing the tray and plates and covers onto passenger Freeman, passenger Freeman fell out of her chair and landed on her left shoulder and then flat on her back. Afterwards, the Maitre D' came over to the table and advised passenger Freeman that a waiter tripped coming over towards the table. Passenger Freeman's chair fell over and she fell onto her left shoulder. As a result of the negligence of the cruise line, passenger Freeman has suffered permanent internal damage to her left shoulder, which is serious and debilitating.

## COUNT I
## NEGLIGENCE

12.   The Plaintiff, hereby adopts and realleges each and every allegation in paragraphs 1 through 10, above.

13.   **DUTIES OWED BY THE DEFENDANT**.  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913;  citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*,  4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866);  *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  The Defendant also owed a "duty to exercise reasonable care under the circumstances".   See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence'  renders a carrier liable).  The cruise line has a duty to provide safe ingress and egress to and from the ship.  *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Carnival,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997).

14. The Defendant breached those duties and was negligent by:

   a. Dropping stacks of plates and covers of plates onto Plaintiff;

   b. Failing to provide a safe place for passengers to dine in the Dining Room onboard the *Carnival Victory*;

   c. Failing to reasonably hire, select, train, and supervise responsible and capable crewmembers who would handle heavy trays with stacks of plates and covers of plates correctly;

   d. Failing to direct that only the crewmembers who were physically able to carry and maneuver trays with stacks of plates and covers of plates in and around a crowded dining room;

   e. Failing to warn the passengers dining in the *Victory* Dining room that heavy trays with stacks of plates and covers of plates were being hauled close by and by crewmembers who were not capable of handling such trays with stacks of plates and covers of plates;

   f. Failing to provide crewmembers with appropriate rules, regulations, policies, procedures, and guidelines with respect to hauling heavy trays with stacks of plates and covers of plates around passengers so as to provide the passengers with a reasonably safe place to dine;

   g. Failing to otherwise have in place appropriate safeguards so that passengers would not be injured by heavy trays with stacks of plates and covers of plates being hauled in the dining room while passengers are dining;

  h. Failure to be aware of prior similar incidents of injuries related to hauling trays with stacks of plates and covers of plates in the proximity of passengers so as to prevent future incidents to include the incident in question;

  i. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case, that is utilizing or allowing negligent method of operations;

  j. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause incidents or injuries;

  k. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

  l. Failing to comply with applicable industry standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

  m. Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence; and

  n. Failing to otherwise provide its passengers with a safe place to sit and eat and talk.

 15. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

1401 BRICKELL AVE., SUITE 510, MIAMI, FL 33131 HICKEY LAW FIRM, P.A. TEL 305.371.8000 • FAX 305.371.3542

6

16.     The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

16.     The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17.     In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

18.     The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

19.     The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

20.     As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to damages as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

>HICKEY LAW FIRM, P.A.
>Attorney for Plaintiffs
>1401 Brickell Avenue
>Suite 510
>Miami, Florida 33131-3504
>(305) 371-8000
>
>By:  */S/ John H. Hickey*
>        JOHN H. HICKEY